LANDFILL, INC., Plaintiff-Appellee, *v.* THE POLLUTION CONTROL BOARD, Defendant-Appellant.

First District (2nd Division)    No. 76-1640

Opinion filed August 23, 1977.

William J. Scott, Attorney General, of Chicago (Michael A. Benedetto, Jr., Assistant Attorney General, of counsel), for appellant.

Kenneth J. Gumbiner and Richard V. Houpt, both of Pedersen & Houpt, of Chicago, for appellee.

Mr. PRESIDING JUSTICE DOWNING delivered the opinion of the court:

Defendant, the Illinois Pollution Control Board (PCB) brings this interlocutory appeal under Supreme Court Rule 307(a)(1) (Ill. Rev. Stat. 1975, ch. 110A, par. 307(a)(1)) from an order of the circuit court of Cook County granting the motion of plaintiff, Landfill, Inc. (Landfill), for a preliminary injunction (Ill. Rev. Stat. 1975, ch. 69, par. 1 *et seq.*) pursuant to its complaint for declaratory judgment. The order appealed from enjoins defendant, pending further order of the court, from conducting hearings, receiving evidence, and conducting or allowing the conduct of,

any discovery in a proceeding pending before it entitled Palos Conservation Committee, *et al.* v. Landfill, Inc., *et al.*, PCB 76-191.

Landfill filed a verified two-count complaint for a declaratory judgment (Ill. Rev. Stat. 1975, ch. 110, par. 57.1). Count I of the complaint related that on March 25, 1975, Landfill filed an application with the Illinois Environmental Protection Agency (EPA), as required by the Environmental Protection Act (Act) (Ill. Rev. Stat. 1975, ch. 111½, par. 1001 *et seq.*) and Solid Waste Regulations promulgated thereunder by PCB, for a permit to develop and operate a sanitary landfill on certain real estate it owned in south suburban Cook County. Between March and October of 1975, Landfill representatives spent hundreds of hours compiling information requested by EPA regarding the environmental characteristics of the site and the plans for the proposed landfill. On October 29, 1975, EPA denied a permit to Landfill until such time as it supplied EPA with "land use and zoning" information relating to both the landfill site and the adjacent area. Contending that it was not required to supply such information, Landfill appealed to PCB. PCB denied Landfill's appeal on February 11, 1976. Landfill then supplied, at great expense, the disputed information, which included reports prepared by consultants establishing the lack of any adverse ecological impact on existing flora and fauna from the development and operation of the proposed sanitary landfill, the lack of any adverse ecological or public health impact as a result of the theoretical maximums of noise, dust, or traffic which would result, the suitability of the site from a land use standpoint, and the lack of any depreciatory effect on neighboring property values. Numerous groups and individuals opposing the landfill were allowed to present their views during the permitting process, which included two days of public hearings. Finally, on July 2, 1976, EPA issued a permit to Landfill.[1]

Count I further related that a group designating itself as the Palos Conservation Committee (Committee) then filed a proceeding before the PCB under section 31(b) of the Act (Ill. Rev. Stat. 1975, ch. 111½, par. 1031(b)) and PCB procedural rule 503(a) ("Permit Review Other Than NPDES Permit Review") to revoke the landfill permit. The Committee was composed of a number of the same individuals and groups who had opposed the landfill permit in the proceedings before EPA. Landfill then sought, before the PCB, to limit the scope of the permit review to those matters contained in the "record" of the proceedings before EPA. PCB denied this request and set the matter for a *de novo* hearing on the entire permit application process.

---

[1] The record reflects that the parties have stipulated that, although development of the landfill site commenced shortly after the permit was issued, it was voluntarily halted by Landfill shortly thereafter pending the outcome of further proceedings.

The complaint alleged that PCB is without jurisdiction under section 5 of the Act (Ill. Rev. Stat. 1975, ch. 111½, par. 1005) to conduct such a *de novo* review. It was also alleged that *de novo* review would deny Landfill due process of law under the Federal and State constitutions for the following reasons: (1) the permitting process before EPA was lengthy and costly to both Landfill and to those who opposed the application; (2) aggrieved third parties, believing that a violation of the Act, or any regulations or orders of PCB would occur when development of the landfill commenced, had a right to file an enforcement proceeding under section 31(b) of the Act; (3) third parties lacked standing to challenge the mere issuance of the permit to Landfill because it was granted in accordance with all applicable laws and regulations; and (4) rule 503(a), under which PCB ordered a new hearing, was enacted by PCB without express authority from the legislature, and is in conflict with the scheme of PCB jurisdiction established in the Act.

Count I concluded with allegations that Landfill had exhausted its legislative and administrative remedies, and that there is an actual and justiciable controversy between the parties. Count I prayed that PCB procedural rule 503(a) be declared unconstitutional, null, and void.

Count II alleged that if PCB is allowed to proceed with the review process, Landfill will be irreparably injured by having to spend the time and money to obtain information for PCB which will ultimately be useless if the relief prayed for in count I is granted, and that PCB will suffer no injury if its review process is enjoined by the court. Count II prayed for preliminary and permanent injunctions against PCB hearings directly challenging the EPA's issuance of the permit, against the conduct of discovery procedures in preparation therefor, and for such other relief as the court deems appropriate. PCB filed no pleading in the circuit court.

On November 9, 1976, Landfill filed an additional verified motion for a preliminary injunction and request for an expedited hearing on its complaint. The trial court entered an order on November 15, 1976, granting a preliminary injunction, ordering PCB to answer or otherwise plead to Landfill's complaint by November 30, 1976, and setting the matter for hearing on December 3, 1976. The record does not reflect that PCB ever answered or filed any other pleading as required by the court's order. However, on December 3, 1976, PCB filed its notice of interlocutory appeal pursuant to Supreme Court Rule 307(a)(1).[2]

---

[2] We note that in a motion before this court to dismiss this appeal (which we denied), Landfill represented that on December 8, 1976, the trial court entered judgment on plaintiff's complaint. As the PCB had filed its notice of interlocutory appeal on December 3, 1976, five days previously, the circuit court was without jurisdiction to enter such an order. (*Russell v. Klein* (1st Dist. 1975), 33 Ill. App. 3d 1005, 1009, 339 N.E.2d 510; *City of Chicago v. Myers* (1967), 37 Ill. 2d 470, 472, 227 N.E.2d 760; *Cygnar v. Martin-Trigona* (4th Dist. 1975), 26 Ill. App. 3d 291, 293, 325 N.E.2d 76.) Although this court at this time does not

## I.

We note at the outset that, while the PCB is within its rights under Supreme Court Rule 307(a)(1) in bringing this interlocutory appeal, and while decisional law makes it possible for us to reach a decision on the narrow issue of the preliminary injunction, there were available to the PCB other means by which it could have clarified the issues here in dispute, so that the ultimate merits of this case could have been expeditiously and finally resolved in a single appeal. For example, the sole argument of PCB in this appeal has been that Landfill's declaratory judgment action is barred by the exhaustion of administrative remedies doctrine. The record before us does not indicate that PCB ever raised this argument before the trial court. The record reflects only the bare, unsupported, but (most importantly) unrefuted allegation in Landfill's complaint for declaratory judgment that it has exhausted all administrative remedies. Thus, the defense of failure to exhaust administrative remedies was never considered by the trial court. Had the defense been pleaded, a ruling by the trial court either way would have afforded this court the opportunity to review and resolve that very important issue. As the record now stands, we are unable to do so. One important purpose served by Supreme Court Rule 307(a)(1) is to provide prompt review of the injunction order so as not to prolong the harsh burdens of such an extraordinary remedy on those unjustly ordered to bear them. In its haste to bring this interlocutory appeal, PCB has only delayed further the final resolution of this dispute. Such delay benefits no one.

## II.
### A.

■■ The threshold question is whether there is a legal basis to sustain the granting of the preliminary injunction. In deciding that question, we cannot consider the merits of the case. (*Summit Electric Co. v. Mayrent* (1st Dist. 1974), 17 Ill. App. 3d 545, 550, 308 N.E.2d 313.) PCB wants this court not only to find that the granting of the preliminary injunction was improper, but also requests that we enter an order dismissing the complaint because Landfill failed to exhaust its administrative remedies. As noted previously, this theory was not presented to the trial court, and therefore was not ruled upon by that court. In fact PCB did not file a motion to dismiss in the trial court, yet it asks this court to dismiss the

possess the necessary jurisdiction to order the circuit court to take any action with respect to the December 8, 1976, order, we invite that court to consider these comments and the established principles that permanent injunctions should not be entered without responsive pleadings and such hearings as may be necessary. The judgment order of December 8, 1976, is therefore a nullity.

complaint without such a pleading or providing the trial court an opportunity to consider such a pleading. Although Supreme Court Rule 366(a) (Ill. Rev. Stat. 1975, ch. 110A, par. 366(a)) grants to this court powers of amendment and the right to give any judgment that ought to have been given, the record in this case does not justify such drastic action.

### B.

■■ We next consider the traditional principles necessary for the issuance of a preliminary injunction. Did Landfill sustain its burden of establishing that the preliminary injunction is necessary to preserve the status quo? (See *Schwalm Electronics, Inc. v. Electrical Products Corp.* (1st Dist. 1973), 14 Ill. App. 3d 348, 352, 302 N.E.2d 394; *Summit v. Mayrent; Wolf & Company v. Waldron* (1st Dist. 1977), 51 Ill. App. 3d 239, 366 N.E.2d 603.) The complaint set forth a lengthy proceeding before the EPA and raised a legal and constitutional question as to procedural rule 503(a). Landfill agreed to suspend its activities pending the resolution of the legal proceedings. The complaint, which is unrefuted, alleges PCB will sustain no damage by the granting of the preliminary injunction. We find that the record did establish the necessity of preserving the status quo and that the order of the trial court granting the preliminary injunction accomplished that effect.

■■ In order to obtain a preliminary injunction, the movant must also establish irreparable injury and the likelihood of success. (*Booth v. Greber* (1st Dist. 1977), 48 Ill. App. 3d 213, 217, 363 N.E.2d 6.) We think the record, with its allegations of a long permitting process before the EPA and a possible repetition of the same before the PCB, does suggest the possibility of great economic problems to Landfill's use of its property, and thus does establish the possibility of irreparable injury. Whether or not those delays were or are legally justified is, of course, not for us to decide at this time.

As to the likelihood of success on the merits, the record at this time presents at least debatable questions as to the validity of procedural rule 503(a) and the scope of the proceedings which PCB may conduct under section 31(b) of the Act. And, we refrain from discussing or speculating on the effect, if any, of the exhaustion of administrative remedies doctrine to the facts of this case. We do so for the reasons referred to earlier in this opinion.

■■ Based on the record before us, we find that the trial court did not abuse its sound discretion in issuing the preliminary injunction which is supported by the manifest weight of the record. *Booth v. Greber.*

In our opinion the allegations of Landfill's complaint, standing

uncontradicted because of PCB's failure to answer, present sufficient facts to support the granting of the preliminary injunction. See *Summit v. Mayrent*.

For these reasons the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

STAMOS and PERLIN, JJ., concur.

