JAMES W. SEFREN, Plaintiff-Appellant, *v.* THE BOARD OF TRUSTEES OF THE ADDISON FIRE PROTECTION DISTRICT NO. 1 *et al.*, Defendants-Appellees.

Second District   No. 78-11

Opinion filed June 5, 1978.

LeRoy W. Gudgeon, of Chicago, for appellant.

Joan E. Odell, of Glen Ellyn, for appellees.

Mr. JUSTICE RECHENMACHER delivered the opinion of the court:

The plaintiff appeals from an order of the circuit court denying his motion to stay proceedings brought by the plaintiff under the Administrative Review Act (Ill. Rev. Stat. 1975, ch. 110, par. 264 *et seq.*) and to compel arbitration of the dispute, which is the subject of the Administrative Review action.

The plaintiff is a fireman who was hired as such by the Addison Fire Protection District No. 1 in July of 1969. At the time he was hired the plaintiff and the District entered into an employment contract which provided in part that in the event of the discharge of the employee, such discharge "shall be subject to arbitration and the parties hereto agree that such dismissal or retention of the employee shall be final as determined by such arbitration."

In August of 1969—one month after the plaintiff signed the contract above referred to—the Illinois legislature adopted section 16.13 of "An Act in relation to fire protection districts" (Ill. Rev. Stat. 1969, ch. 127½, par. 37.13), which sets out the procedure for the removal or discharge of fire protection personnel and provides that where there is no board of fire commissioners the board of trustees of a fire protection district shall have the power to discharge or suspend fire department personnel for cause, after the filing of written charges and after a hearing. This was the statute under which the plaintiff brought his suit for administrative review.

The plaintiff was on the force until November, 1976, at which time he injured his ankle in a non-duty-related accident. Thereafter he did not report for work, but on November 15, 1976, he filed an application for a non-duty disability pension to be effective after February 6, 1977, the date of expiration of his sick leave. The president of the Firemen's Pension Fund wrote several letters to the plaintiff's physician asking for an evaluation of the plaintiff's disability. So far as the record indicates these medical evaluations were not furnished.

The plaintiff never reported for work after November 8, 1976. The board of trustees of the District wrote the plaintiff on June 1, 1977, asking him to meet with the fire chief. The plaintiff came in on June 8 and met with the fire chief and the fire chief at that time offered the plaintiff a position described by him in his testimony as "radio fire alarm operator."

This position apparently consisted of receiving telephoned fire alarm reports, dispatching equipment and personnel and typing up reports.

The chief testified that after some conversation he told the plaintiff to report for work on June 13. The plaintiff did not report for work as ordered by the chief and the chief then prepared charges against the plaintiff, which he submitted to the Board of the District. On July 25, 1977, the Board held a hearing on the charges brought by the chief against the plaintiff for failure to report for duty. The plaintiff appeared with his counsel. At the hearing the plaintiff admitted he had been offered the position of radio fire alarm operator, and stated he had not accepted this position on the advice of his physician. He also admitted that he was regularly employed at that time by Lake County College as Fire Science Coordinator and was teaching at the college 12 hours a week. He testified, however, that he was physically unable to handle the job of radio fire alarm operator. Thereafter, at a regular meeting on August 10, 1977, the Board of Trustees voted to discharge the plaintiff from the force for failure to report for duty without reasonable grounds for such failure.

On August 31, 1977, the plaintiff made a written demand on the Board for arbitration of his discharge and on September 7 named his arbitrator. The Board did not respond. On September 23 the plaintiff filed his complaint for administrative review to which the Board made timely answer and moved to strike certain paragraphs of the complaint. On December 9, 1977, the plaintiff filed the motion described above to stay proceedings under the administrative review suit and to compel arbitration. The denial of the motion for a stay is the subject of this appeal.

The plaintiff contends that he was entitled to have the matter of his discharge arbitrated under the provisions of his July 1969 employment contract with the District and that since this contract antedated section 16.13, under which he was given a hearing and discharged, his discharge, without resort to arbitration, was illegal. He contends that he was still under the protection of the arbitration clause of his employment contract of July 1969, and invokes section 2(d) of the Uniform Arbitration Act (Ill. Rev. Stat. 1975, ch. 10, par. 102(d)), which reads as follows:

> "Any action or proceeding involving an issue subject to arbitration shall be stayed if an order for arbitration or an application therefor has been made under this Section or, if the issue is severable, the stay may be with respect thereto only. When the application is made in such action or proceeding, the order for arbitration shall include such stay."

The plaintiff contends, therefore, that the trial court erred in denying the stay of proceedings under the Administrative Review Act. The

District raises several points in answering the plaintiff's contention that his case should be decided under the arbitration agreement in his private employment contract and that, therefore, the administrative review proceedings must be stayed, pending resolution of the arbitration hearing. These contentions are as follows:

(1) The employment contract is no longer in effect because the plaintiff by his actions abandoned his employment and thus terminated the contract;

(2) The plaintiff waived arbitration under his employment contract by his conduct in appearing at and participating in a hearing under section 16.13 and by electing to pursue his remedy through administrative review procedure;

(3) A corollary of the second point is the contention raised at oral argument that the pertinent section of "An Act in relation to fire protection districts" was intended to and did supercede the original individual employment contract which carried arbitration provisions in connection with fire protection districts, by providing certain general procedural safeguards covering the removal or discharge of fire personnel. The District contends that even if the employee does have his choice he must choose one and cannot avail himself of both procedures, and

(4) By motion the District also raises the question whether the trial court's denial of the application for arbitration and a stay of proceedings was a final appealable order.

■■ We dispose of (4) first, inasmuch as it is jurisdictional. The plaintiff cites the case of *School District No. 46 v. Del Bianco* (1966), 68 Ill. App. 2d 145, as authority for the proposition that an order denying a motion to compel arbitration is in the nature of an order refusing an application for an injunction and thus is a final appealable order under what was then Supreme Court Rule 31—now Supreme Court Rule 307(a) (Ill. Rev. Stat. 1975, ch. 110A, par. 307(a)). The District points out that in that case and in the United States Supreme Court case from which it derives its support— *Shanferoke Coal & Supply Corp. v. Westchester Service Corp.* (1935), 293 U.S. 449, 79 L. Ed. 2d 583, 55 S. Ct. 313—the application for a stay was made on behalf of the *defendant* to enable the defendant to assert his equitable defenses. Here, the application for the stay was made by the *plaintiff* against his own pending action, not for the purpose of enabling him to assert an equitable defense, but to give him an option to pursue one remedy while holding on to another. This may be a valid distinction, but we have concluded nevertheless that the nature of the case is such as to fall within the ambit of Supreme Court Rule 307(a) since whatever the background or purposes of the plaintiff's motion, he is asking for a stay of proceedings pending arbitration. Thus, we accept the denial of the

plaintiff's motion for a stay in this case as being a final appealable order and proceed to consideration of the other issues raised by the appeal.

■■ The plaintiff contends that his contract was still in force and effect when he asked for arbitration and the court therefore had a duty to compel arbitration and thus the corollary duty to stay the administrative review proceedings, citing section 2(d) of the Uniform Arbitration Act. This, however, does not answer the contention of the District that the Uniform Arbitration Act does not apply because there was no contract of employment in force at the time the plaintiff sought arbitration, since the plaintiff had abandoned his employment before he sought arbitration. At the time the plaintiff was dismissed from the rolls of the District he had not reported for work for some nine months—from November 1976 to August 1977—moreover, he had (a) applied for a disability pension; (b) refused an offer of substitute employment in place of the duties of fireman, which he admitted he could not perform, and (c) obtained regular employment elsewhere. It appears to us that there is little more a person could do to constitute abandonment of a contract of employment. Whatever might be said as to his right to a disability pension from the pension board, we think the plaintiff had clearly abandoned his contract of employment with the Addison Fire Protection District No. 1.

The plaintiff's argument that the court had no alternative to staying the proceedings in view of the provisions of section 2(d) of the Uniform Arbitration Act overlooks the fact that the plaintiff's employment had been abandoned long before he sought arbitration.

The plaintiff contends his filing of an administrative review action did not constitute an election of remedies but was merely a way of protecting himself due to the time requirements of filing an action for administrative review. However, it is noted that the plaintiff proceeded first under the Administrative Review Act when he appeared at the hearing held by the trustees on the question of his discharge and testified at that hearing, without objecting in any way that the proper procedure would have been under arbitration. At that time he appeared to accept section 16.13 of "An act in relation to fire protection districts" as controlling and did not raise the arbitration issue. Whether the Act superceded the arbitration procedure under the plaintiff's private employment contract, or only gave the plaintiff a choice, we think he could not retain both methods of procedure to be used successively.

■■ We do not regard this as a mere technicality. We think it would be unfair and contrary to good judicial process if the plaintiff were to be allowed to defend himself at the administrative level, then, having lost, request arbitration by third parties, then immediately sue for review of the administrative body's decision, then, after answer had been made and issues joined, petition the court to hold that action on the back burner, so

as to speak, while he pursued further the question of private arbitration—with, of course, the option to come back and proceed with the administrative review action if the arbitration result was not to his satisfaction.

Perhaps under some ameliorating circumstances such a double-barreled remedy might be allowable, but we do no think such flexibility of choice is justly required in a case where the plaintiff has long ago unilaterally manifested his decision not to continue his employment. This is not a case where an employee is defending himself against the loss of his job—based on the evidence in this case—he could not retain both his position with Lake County College and his employment with the District. What the plaintiff is seeking is to force the District to accept him as a pensioner and to force the court to allow him two successive methods of doing this by different processes and different bodies—with the ground rules such that if he wins either one of the contests he prevails, whereas if the District loses either one, it loses.

Whether this situation is the result of the pressure of filing schedules or was deliberately contrived makes no difference. We think it is an unfair arrangement for the defendant District and an imposition on the court. As we said, the defendant is not seeking to retain his employment—he is actively seeking the advantage of being a pensioner while working elsewhere. He has his choice to establish his right to a pension under these circumstances through the administrative review procedure, which he initiated. We think that is sufficient by way of due process—the proposition that the plaintiff need win only one out of either of the two contests, while the defendant has to win two out of two would be acceptable only were there grave equitable considerations present and we do not see any such here.

The judgment of the circuit court of Du Page County is affirmed.

Judgment affirmed.

GUILD and NASH, JJ., concur.