SHARON CLARK, Movant-Appellee, v. COUNTRY MUTUAL INSURANCE COMPANY, Respondent-Appellant.

Fifth District   No. 5—84—0293

Opinion filed February 21, 1985.

Stephen W. Thomson and Teresa E. Kessler, both of Reed, Armstrong, Gorman & Coffey, of Edwardsville, for appellant.

William J. Mateyka, of Mateyka, Hill & Hill, of Granite City (Dennis A. Brandt, of counsel), for appellee.

JUSTICE KARNS delivered the opinion of the court:

Country Mutual Insurance Company appeals from an order of the circuit court of Madison County denying its motion to reconsider an order compelling it to arbitrate a dispute arising out of a claim made pursuant to the uninsured motorist provision of an automobile general liability policy.

Sharon Clark, the insured herein, sought in March 1982, pursuant to the Uniform Arbitration Act (Ill. Rev. Stat. 1983, ch. 10, par. 101 *et seq.*), to have judgment entered in the circuit court on the award of an arbitrator. The circuit court granted Country Mutual's motion to deny her motion for judgment on award, finding that Clark's failure to comply with the requirements of the Act rendered the award, entered *ex parte*, null and void. She was granted leave to amend within 30 days.

Following Clark's unsuccessful application for leave to appeal pursuant to Supreme Court Rule 308 (87 Ill. 2d R. 308), Country Mutual moved that she be required to amend her application for arbitration or, failing that, for judgment in its behalf.

Thereafter Clark filed an amended application to compel arbitration alleging an arbitration agreement in the insurance contract and further alleging Country Mutual's refusal to arbitrate pursuant to it. Country Mutual objected to the application "because [the insured] has not shown she has complied with the conditions of the policy *** or shown under what provision of the policy she has coverage." Following argument and for reasons not disclosed in the record, the circuit court granted Clark's motion. In response, Country Mutual filed its motion to reconsider arguing that the threshold question of coverage is not subject to arbitration and that arbitration should, therefore, be stayed pending the judicial resolution of the coverage question. Its motion was denied and Country Mutual now appeals.

Clark has moved to dismiss the appeal contending that it is interlocutory and untimely filed, not being filed within 14 days. Country Mutual maintains that this is an appeal from a final judgment pursuant to Supreme Court Rule 303 (87 Ill. 2d R. 303). Inasmuch as Clark correctly states that Country Mutual is not seeking leave to appeal under Supreme Court Rule 308 (87 Ill. 2d R. 308), we fail to see the significance of her argument insisting that the 14-day limitation of that rule be employed. This is not a Rule 308 application.

■ But neither do we believe this appeal is taken from a final appealable order. Where parties enter into an arbitration agreement, the circuit court is vested with jurisdiction to enforce the agreement and to enter judgment on an award. (Ill. Rev. Stat. 1983, ch. 10, par. 116.)

Therefore, we cannot agree with Country Mutual's contention that the circuit court has nothing more to do regarding this litigation concerning the rights and duties of the parties before it. If the parties were to proceed to arbitration under the present order, the circuit court would still retain jurisdiction to confirm the award, or to vacate, modify or correct the award. Ill. Rev. Stat. 1983, ch. 10, pars. 102, 111 through 117.

■ Nonetheless, after review of the unusual procedural posture of this case on appeal, we consider the denial of the motion to reconsider the order compelling arbitration, and to stay arbitration pending disposition of the coverage issue, to be an interlocutory order appealable under Supreme Court Rule 307(a) (87 Ill. 2d R. 307(a)) because it is injunctive in nature. We find well-reasoned support for this conclusion in *Valente v. Maida* (1960), 24 Ill. App. 2d 144, 164 N.E.2d 538 (order granting stay of all proceedings pending disposition of question of coverage under insurance policy in separate declaratory action was appealable injunctional order), *Sefren v. Board of Trustees* (1978), 60 Ill. App. 3d 813, 377 N.E.2d 341 (denial of motion to stay proceeding and compel arbitration was appealable order), *Property Management, Ltd. v. Howasa, Inc.* (1973), 14 Ill. App. 3d 536, 302 N.E.2d 754 (denial of motion to reconsider order granting motion to compel arbitration having effect of continuing stay order was appealable injunctive order), and *School District No. 46 v. Del Bianco* (1966), 68 Ill. App. 2d 145, 215 N.E.2d 25 (denial of application for stay order pending arbitration was appealable injunctive order). Country Mutual's notice of appeal was timely filed and is otherwise in substantial compliance with the requirements of Rule 307. Clark's motion to dismiss is denied.

For reasons that follow, we believe the circuit court erred by compelling arbitration in the absence of a finding of coverage under the policy.

■ Clark's application to compel arbitration is essentially a request to enforce the arbitration agreement. The agreement is specific and provides that either party may demand arbitration if the parties "disagree over whether the insured is legally entitled to recover damages from the owner or operator of an uninsured motor vehicle or if agreement cannot be reached on the amount of damages ***." An agreement identical in substance has been held by the supreme court to be "limited to the issues of the liability of the uninsured motorist to the insured and the amount thereof." (*Flood v. Country Mutual Insurance Co.* (1968), 41 Ill. 2d 91, 94, 242 N.E.2d 149, 151.) Thus this agreement does not cover all disputes. Country Mutual has not agreed

to submit to arbitration on the issue of coverage, an issue which it raised by its objection to Clark's application and its motion to reconsider. The gravamen of Country Mutual's motion to reconsider is a denial of the existence of an agreement to arbitrate coverage, and the issue of coverage should have been summarily tried (see Ill. Rev. Stat. 1983, ch. 10, par. 102), because questions of law or fact concerning coverage cannot under this agreement be submitted to arbitration. (*Flood v. Country Mutual Insurance Co.* (1968), 41 Ill. 2d 91, 242 N.E.2d 149; *Country Mutual Insurance Co. v. Kosmos* (1983), 116 Ill. App. 3d 914, 452 N.E.2d 547.) Such questions must be resolved by the circuit court. *Harrison F. Blades, Inc. v. Jarman Memorial Hospital Building Fund, Inc.* (1969), 109 Ill. App. 2d 224, 248 N.E.2d 289; *Liberty Mutual Fire Insurance Co. v. Loring* (1968), 91 Ill. App. 2d 372, 235 N.E.2d 418.

▉ Having reached this conclusion, we still must determine whether, as Clark contends, Country Mutual waived the issue of coverage. It has not. Within two weeks after Clark's initial motion for judgment on award, Country Mutual moved to "dismiss" the motion because, *inter alia,* "the factual situation did not involve a 'hit and run' driver nor an uninsured motorist." The memorandum to the court that followed cited *Flood v. Country Mutual Insurance Co.* for the proposition that the arbitration agreement at hand was limited to issues not including coverage. Moreover, following Clark's unsuccessful application for leave to appeal in August 1983, it was Country Mutual who promptly requested that plaintiff amend her application for arbitration. It does not appear to us that the company has been dilatory. Furthermore, the word "coverage" appears in Country Mutual's objection to Clark's motion to compel arbitration and the motion to reconsider specifically stated that "[w]hether there is coverage is not subject to arbitration." The issue of coverage was not waived.

As an aside, we note that the parties have raised the applicability of Supreme Court Rule 133(c) (87 Ill. 2d R. 133(c)), stating the requirement for pleading the performance of a condition precedent. We do not find either of the arguments persuasive or pertinent.

▉ It is evident that this appeal could have been forestalled had the circuit court required Clark to show not only an agreement to arbitrate, but an agreement to arbitrate the issue raised in response to her motion to compel arbitration. Clark must allege sufficient facts to bring the matter within the arbitration agreement. We cannot say she has done this. Her motion to compel arbitration does not even suggest that this dispute involves an automobile accident. Moreover, there has been no evidence presented on the crucial element in this case,

whether there was contact made with another vehicle. It is established that coverage is provided only if an uninsured motorist's vehicle, as defined in the policy, makes contact with the insured or her vehicle. *Finch v. Central National Insurance Group* (1974), 59 Ill. 2d 123, 319 N.E.2d 468; *Ferega v. State Farm Mutual Automobile Insurance Co.* (1974), 58 Ill. 2d 109, 317 N.E.2d 550.

■ Obviously, the question of coverage requires a determination of the facts of the occurrence before a decision can be made that the dispute is subject to arbitration. As it is firmly established that a "no contact" occurrence is not within the insurance afforded an uninsured motorist, it might well seem desirable that this relatively simple question be decided in the first instance by the arbitrator, given the accepted judicial preference for settling disputes by arbitration. However, the Illinois authority on this subject is settled, and as noted in *Flood v. Country Mutual Insurance Co.*:

> "Despite the salutary purpose of our Arbitration Act, parties are only bound to arbitrate those issues which by clear language they have agreed to arbitrate; arbitration agreements will not be extended by construction or implication." 41 Ill. 2d 91, 94, 242 N.E.2d 149, 151.

We, therefore, reverse the judgment of the circuit court of Madison County and remand the cause with directions to determine the issue of coverage. If it is found that Clark is covered by the terms of the policy, arbitration should proceed to determine liability and damages; if it is found that the policy does not provide coverage, judgment shall be entered for Country Mutual. *Liberty Mutual Fire Insurance Co. v. Loring* (1968), 91 Ill. App. 2d 372, 235 N.E.2d 418.

Reversed and remanded with directions.

HARRISON and KASSERMAN, JJ., concur.