ELIZABETH F. CANFIELD, Ex'r of the Estate of Edith Dahlstrom, Deceased, Plaintiff-Appellant, v. STEVEN DELHEIMER, Defendant-Appellee.

Second District  No. 2—90—0929

Opinion filed April 2, 1991.—Rehearing denied May 1, 1991.

James R. Canfield, of Canfield Law Offices, of Rockford, for appellant.

Gregory P. Guth and Roberta L. Holzwarth, both of Holmstrom & Green, P.C., of Rockford, for appellee.

JUSTICE INGLIS delivered the opinion of the court:

Plaintiff, Elizabeth Canfield, as executor of the estate of Edith Dahlstrom (decedent), appeals from an order of the circuit court of Winnebago County, which granted summary judgment in favor of defendant, Dr. Steven Delheimer. Plaintiff contends that there are genuine issues of material fact concerning informed consent and whether defendant breached the standard of care of a neurosurgeon when he operated on decedent.

On October 4, 1988, plaintiff filed a complaint seeking $950,000 in damages based upon defendant's alleged negligence during a surgical procedure. The complaint alleged that decedent entered Swedish-American Hospital on February 28, 1983, due to problems with dizziness. A tumor was discovered during an examination, and surgery was set for March 18, 1983. Defendant performed the surgery on this day, and a biopsy of the tumor revealed that it was a nonmalignant meningioma. Defendant continued with the surgery in an attempt to resect the tumor, but instead caused "a vascular insult to [decedent's] right frontal lobe and caused hypothenic damages." Plaintiff alleged that defendant failed to inform decedent of the risks associated with the "massive" surgery he performed. As a result of the surgery, decedent suffered permanent physical and mental injuries which required her to live in a nursing home.

On April 27, 1989, decedent died. Nearly one year later, plaintiff filed an amended complaint in which she alleged that defendant was also negligent by failing to utilize an anteriogram study prior to sur-

gery and should have used an alternative surgical procedure due to the location of the tumor.

On May 16, 1990, plaintiff filed a second amended complaint in which she alleged that defendant also should not have operated on decedent because her potassium level was such that she was "dangerously hypokalemic."

Plaintiff filed a third amended complaint one week later in which she changed her damages requested to include $750,000 for pain and suffering and $230,833.74 for medical, hospital and nursing expenses. Also on this date, defendant filed two motions for summary judgment. The first motion concerned the informed consent issue, while the second one dealt with "whether [defendant's] 'approach' to this surgery was malpractice."

On May 30, 1990, the trial court heard arguments on both of defendant's motions for summary judgment and granted the motions "on all issues." This order was filed on June 22, 1990. On June 13, 1990, plaintiff filed a motion to vacate the court's order, arguing that legitimate questions of fact remained in the case.

On July 26, 1990, the court indicated that the evidence depositions of plaintiff's expert witnesses presented no testimony that defendant deviated from the standard of care. The court noted that one expert, Dr. Martins, simply indicated that it was a "judgment call" and was not a deviation from the standard of care. The court then stated: "So anyway, the Plaintiff's Motion to Reconsider the Court's granting of the Defendant's Motion for Summary Judgment is heard and denied. I guess that makes our record on the matter." Defendant's attorney then informed the court that she could "prepare an order to that effect." The court responded: "All right. Thank you." No written order concerning the court's denial of plaintiff's motion to vacate appears in the record on appeal. Plaintiff filed her notice of appeal on August 23, 1990.

■ Before addressing the merits of this appeal, we must first determine whether we have jurisdiction to consider this appeal. Although neither party has questioned our jurisdiction, we have a duty to raise it *sua sponte* and dismiss the appeal if we determine that we do not have jurisdiction. (*Waitcus v. Village of Gilberts* (1989), 185 Ill. App. 3d 248, 250; *Sutherland v. Norbran Leasing Co.* (1988), 180 Ill. App. 3d 95, 96.) At issue in this case is whether the absence of a written order affects our jurisdiction.

■ Supreme Court Rule 272 (134 Ill. 2d R. 272) provides:
"If at the time of announcing final judgment the judge requires the submission of a form of written judgment to be

signed by him, the clerk shall make a notation to that effect and the judgment becomes final only when the signed judgment is filed. If no such signed written judgment is to be filed, the judge or clerk shall forthwith make a notation of judgment and enter the judgment of record promptly, and the judgment is entered at the time it is entered of record." (134 Ill. 2d R. 272.) The purpose of this rule is to remove any doubt regarding when a judgment is entered or becomes final. (*Stoermer v. Edgar* (1984), 104 Ill. 2d 287, 293; *Ahn Brothers, Inc. v. Buttitta* (1986), 143 Ill. App. 3d 688, 690.) Furthermore, Rule 272 provides for two alternatives: (1) either a written order is necessary; or (2) no written order is necessary and the judgment is entered when it becomes of record. *Ahn Brothers*, 143 Ill. App. 3d at 690; *Hasty v. Kilpatrick* (1985), 130 Ill. App. 3d 859, 861.

In the present case, the trial court orally denied plaintiff's motion for reconsideration, after which defense counsel stated that she would prepare an order. The court stated: "All right. Thank you." The clerk then made the following entry on the record sheet: "Motion to reconsider heard and denied. See Order." No written order was ever filed.

■■ ■ It is our opinion that the trial court expected a written order to be submitted for its approval. In a situation such as this, the judgment becomes final only when the signed judgment is filed. (See *Stoermer*, 104 Ill. 2d at 292-93; 134 Ill. 2d R. 272; see also *In re Marriage of Roberts* (1980), 84 Ill. App. 3d 538, 541.) Until the written judgment is filed, the proceedings are in a "state of temporary abeyance and the bare announcement of the final judgment cannot be enforced." (*In re Marriage of Black* (1987), 155 Ill. App. 3d 52, 54.) Furthermore, in the time between the announcement of judgment and the entry of the order, the judgment cannot be appealed. (*Ferguson v. Riverside Medical Center* (1985), 111 Ill. 2d 436, 441; *Archer Daniels Midland Co. v. Barth* (1984), 103 Ill. 2d 536, 538-39.) Because no judgment was entered of record in this case, the filing of the notice of appeal on August 23, 1990, did not satisfy the jurisdictional requirements of Supreme Court Rule 303(a) (134 Ill. 2d R. 303(a)), which requires that the notice of appeal be filed within 30 days of the *entry* of the final judgment from which the appeal is taken. See *Ahn Brothers*, 143 Ill. App. 3d at 691.

■■ It is well established that this court does not have jurisdiction to consider an appeal from a judgment which has yet to be entered. (See *Illinois State Toll Highway Authority v. Marathon Oil Co.* (1990), 200 Ill. App. 3d 836, 841.) Accordingly, we must dismiss this appeal.

■■■ In making this determination, we also note that this appeal must also be dismissed for another reason. It is undisputed that defendant's motions for summary judgment were granted on May 30, 1990, as the record sheet states: "Court enters Judgment in favor of defendant and against the plaintiff. See Order." This order was entered on June 22, 1990. However, plaintiff filed a motion to reconsider the court's order on June 13, 1990. A motion to reconsider a judgment must be filed within 30 days after the challenged judgment is entered. (Ill. Rev. Stat. 1989, ch. 110, par. 2—1203; *Barth*, 103 Ill. 2d at 538.) Plaintiff's premature motion to reconsider the court's judgment was not filed within 30 days *after* the order granting defendant's motions for summary judgment was entered. Therefore, the June 13, 1990, motion to reconsider was untimely (see *Barth*, 103 Ill. 2d at 539), and an untimely post-judgment motion does not extend the time for filing a notice of appeal (103 Ill. 2d at 539; *Sears v. Sears* (1981), 85 Ill. 2d 253, 259). Consequently, the notice of appeal filed on August 23, 1990, filed more than 30 days after the June 22, 1990, order was entered, does not vest this court with jurisdiction, and we must dismiss the appeal.

Appeal dismissed.

WOODWARD and NICKELS, JJ., concur.