SCOTT CARLSON, Plaintiff-Appellee, v. ROBERT POWERS *et al.*, Defendants (Good Shepherd Hospital, Lienholder-Appellant).

Second District   No. 2—91—0403

Opinion filed February 20, 1992.

Ronald J. Hennings and Terrance B. McGann, both of Grabowski & Clutts, of Evanston, for appellant.

Dennis E. Carlson and John N. Dore, both of Chicago, for appellee.

JUSTICE NICKELS delivered the opinion of the court:

Lienholder, Good Shepherd Hospital (hospital), appeals from an order of the circuit court of Lake County ruling that plaintiff's attorney's statutory lien (Ill. Rev. Stat., 1990 Supp., ch. 13, par. 14) included the costs and expenses of litigation and had priority over the hospital's lien (Ill. Rev. Stat. 1989, ch. 82, par. 97 *et seq.*), which totally exhausted the funds available without payment of the hospital's lien. The hospital raises the following issues on appeal: (1) whether the trial court had the authority to reduce its lien to less than one-third of amount of the settlement reached in plaintiff's personal injury action; (2) whether plaintiff's court costs and litigation expenses could be included as part of his attorney's lien; and (3) whether public policy requires that the provisions of the Hospital Lien Act (Ill. Rev. Stat. 1989, ch. 82, par. 97 *et seq.*) be enforced. In response, plaintiff's attorney asserts that the hospital failed to demonstrate it possessed a valid statutory lien and that the attorney was additionally entitled to an equitable lien for expenses and costs of the litigation in addition to its statutory lien. We affirm.

Plaintiff, Scott Carlson, was injured in an automobile accident on December 21, 1982. He was eventually admitted to the hospital for a course of treatment, for which expenses totalled $8,731.90.

In 1987, Carlson entered a contingent fee contract with his attorney providing that from any proceeds realized from Carlson's claim, his attorney would receive reimbursement of costs incurred and fees of 40% of such proceeds. Carlson's attorney filed a complaint on November 30, 1987, seeking damages from four defendants arising from Carlson's personal injuries as a result of the 1982 automobile accident. The counts against one defendant were dismissed in November 1989, and plaintiff settled with two of the three remaining defendants for $10,000 on October 16, 1990, which settlement is the subject of the present litigation over lien priorities.

After the unsuccessful trial of his claim against the remaining defendant, Carlson filed two post-trial motions on November 21, 1990, which were denied in mid-March 1991. On April 9, 1991, Carlson again filed a post-trial motion requesting the court to reconsider and vacate its prior rulings on his post-trial motions, which was again denied on April 18, 1991.

However, on January 9, 1991, before the court ruled on Carlson's initial post-trial motions, Carlson filed a motion seeking to adjudicate the lien of the hospital and other health care providers. The motion alleged that Carlson's litigation costs, expenses and attorney's fees totalled $14,350.98. The hospital was the only health care provider and lienholder to respond to Carlson's motion. The hospital responded that as a not-for-profit corporation, it was entitled to a lien in the amount of $8,731.90 pursuant to the Hospital Lien Act (Ill. Rev. Stat. 1989, ch. 82, par. 97 *et seq.*). The hospital argued that its lien could only be reduced to one third of Carlson's settlement, or $3,333.33, as provided in the statute and that Carlson's attorney was not entitled to deduct his fees or costs under the "common fund" doctrine. In response Carlson's attorney argued the hospital had failed to establish it was not-for-profit and that his attorney's lien had priority for the entire amount of Carlson's settlement.

On February 27, 1991, the court entered its order adjudicating the liens of Carlson's attorney and the health care providers. The court found that the hospital had a valid lien for $3,333.33 and that Carlson's attorney had a valid attorney's lien for 40% of the settlement or $4,000, which is not disputed. The court further ruled that Carlson's attorney's lien had priority, which is again not disputed. However, in addition to Carlson's attorney's fees, the circuit court found Carlson's attorney's lien included the costs of suit for a total of $14,350.98, and that his attorney was entitled to the full settlement of $10,000. Finally, the court adjudicated all remaining liens at $0 as no other health care provider proved the existence of its lien.

On March 28, 1991, the hospital filed its notice of appeal of the circuit court's February 27, 1991, order and asserts that the lower court was without authority to reduce its lien beyond the already statutorily reduced amount of one-third of Carlson's settlement, that costs and expenses of suit can not be included in an attorney's statutory lien, and that public policy requires that the hospital's lien be enforced.

■ Prior to considering the merits of this appeal, we are obligated to determine the question of our jurisdiction, although such issue was not raised by the parties. (*Deerfield Management Co. v. Ohio Farmers Insurance Co.* (1988), 174 Ill. App. 3d 837, 838-39.) Thus, we note that the hospital's jurisdictional statement incorrectly indicates that jurisdiction is vested in this court pursuant to Supreme Court Rule 304(a) because the circuit court's February order, from which the hospital appeals, does not contain the necessary language that "there is no just reason for delaying enforcement or appeal." (134 Ill. 2d R. 304(a).) However, the circuit court's March 13, 1991, order denying Carlson's post-trial motion was a final order because Carlson's April post-trial motion to vacate that order was impermissible as filed more than 30 days after the judgment or any permitted extension. (*Sears v. Sears* (1981), 85 Ill. 2d 253, 259; *Drafz v. Parke, Davis & Co.* (1980), 80 Ill. App. 3d 540, *aff'd, Sears v. Sears* (1981), 85 Ill. 2d 253.) Thus, the hospital's notice of appeal on March 28, 1991, was timely filed within 30 days of the trial court's March 13, 1990, final order denying Carlson's post-trial motions, and our jurisdiction is properly invoked.

■ The Hospital Lien Act expressly provides that liens filed pursuant to its provisions are inferior to attorneys' statutory liens. (Ill. Rev. Stat. 1987, ch. 82, par. 101; see also *Hardwick v. Munsterman* (1959), 15 Ill. 2d 564, 566 (identical provision of Public Assistance Code provides priority to statutory attorneys' liens).) Without addressing the validity of the hospital's alleged lien, we conclude that the circuit court neither reduced such lien nor failed to enforce it, but rather the circuit court properly found that Carlson's attorney's statutory lien was superior to that of the hospital. Thus, the only remaining issue is whether the circuit court erred in finding that Carlson's attorney's lien included costs and expenses of litigation in addition to attorney fees.

■ The Hospital Lien Act provides that a lien "shall, from and after the time of service of the above stated notice, attach to any verdict or judgment in any action by the injured party based on the negligent or wrongful act, and to any money or property which may be recovered by compromise settlement" (Ill. Rev. Stat. 1989, ch. 82,

par. 98). Such language has been interpreted to mean that a lien only comes into existence when a recovery is made and there is property on hand to which it may attach. (*In re Estate of Cooper* (1988), 125 Ill. 2d 363, 369.) The Attorneys Lien Act similarly provides that "[s]uch lien shall attach to any verdict, judgment or order entered and to any money or property which may be recovered, on account of such suits, claims, demands or causes of action, from and after the time of service of the notice." (Ill. Rev. Stat., 1990 Supp., ch. 13, par. 14.) Thus, the issue of whether Carlson's attorney's lien included the expenses and costs of litigation is controlled by the Attorneys Lien Act in effect when his lien came into existence on October 16, 1990, which is the date the settlement of Carlson's suit was reached. Such statute, which became effective August 10, 1990, provides:

> "Attorneys at law shall have a lien upon all claims, demands and causes of action, including all claims for unliquidated damages, which may be placed in their hands by their clients for suit or collection, or upon which suit or action has been instituted, for the amount of any fee which may have been agreed upon by and between such attorneys and their clients, or, in the absence of such agreement, for a reasonable fee, for the services of such suits, claims, demands or causes of action, *plus costs and expenses*." (Emphasis added.) (Ill. Rev. Stat., 1990 Supp., ch. 13, par. 14.)

Thus, under the law then applicable, the court correctly determined that Carlson's attorney was entitled to a lien for his fees and the costs of litigation and that such lien had priority over any alleged lien of the hospital. Thus, we need not address Carlson's attorney's assertions that he was entitled to an equitable lien for the amount of the expenses incurred or that the hospital failed to establish a valid lien.

The judgment of the circuit court finding that plaintiff's attorney was entitled to the entire amount of plaintiff's $10,000 settlement in satisfaction of his attorney's lien is affirmed.

Affirmed.

DUNN and UNVERZAGT, JJ., concur.