822 N.E.2d 941 (2005)
354 Ill. App.3d 1023
291 Ill.Dec. 66
Dale CRAINE, Jr., Plaintiff-Appellee,
v.
BILL KAY'S DOWNERS GROVE NISSAN, Defendant-Appellant.
No. 2-04-0973.
Appellate Court of Illinois, Second District.
January 27, 2005.
*942 Bruce S. Terlep, Christian A. Sullivan, Swanson, Martin & Bell, Lisle, for Bill Kay's Downers Grove Nissan.
Scott M. Cohen, Krohn & Moss, Ltd., Chicago, for Dale Craine, Jr.
Justice GILLERAN JOHNSON delivered the opinion of the court:
The plaintiff, Dale Craine, Jr., sued the defendant, Bill Kay's Downers Grove Nissan, Inc., for alleged violations of the Magnuson-Moss Warranty-Federal Trade Commission Improvement Act (15 U.S.C. § 2301 et seq. (2000)). During the course of the proceedings below, the defendant moved to compel arbitration and to stay the proceedings. The circuit court of Du Page County denied that motion on June 10, 2004. The defendant subsequently moved for reconsideration, which the circuit court summarily denied on August 27, 2004. Thirty-one days later, on Monday, September 27, 2004, pursuant to Supreme Court Rule 307(a)(1) (188 Ill.2d R. 307(a)(1)), the defendant filed a notice of interlocutory appeal from the circuit court's August 27, 2004, order. On appeal, the defendant presents the issue as whether the circuit court, after considering extrinsic evidence submitted by the plaintiff, erred in denying the motion to compel arbitration. We find that this court lacks jurisdiction over this appeal and thus dismiss the appeal.
An appellate court is under a duty to consider its jurisdiction and to dismiss an appeal if jurisdiction is lacking. Ferguson v. Riverside Medical Center, 111 Ill.2d 436, 440, 96 Ill.Dec. 47, 490 N.E.2d 1252 (1985); Gilkey v. Scholl, 229 Ill.App.3d 989, 992, 172 Ill.Dec. 120, 595 N.E.2d 183 (1992); Village of Lake in the Hills v. Hain, 222 Ill.App.3d 88, 90, 164 Ill.Dec. 731, 583 N.E.2d 647 (1991). Even if the issue is not raised by the parties, this court must determine the question of its jurisdiction (Carlson v. Powers, 225 Ill.App.3d 410, 413, 167 Ill.Dec. 625, 587 N.E.2d 1240 (1992); Canfield v. Delheimer, 210 Ill.App.3d 1055, 1057, 155 Ill.Dec. 649, 569 N.E.2d 1260 (1991)) prior to deciding the merits of an appeal (Steel City Bank v. Village of Orland Hills, 224 Ill.App.3d 412, 416, 166 Ill.Dec. 667, 586 N.E.2d 625 (1991)). In this case, the issue is whether the order from which the defendant appeals is an appealable interlocutory order under Rule 307(a)(1).
Rule 307(a)(1) allows an appeal from an interlocutory order "granting, modifying, refusing, dissolving, or refusing to dissolve or modify an injunction." 188 Ill.2d R. 307(a)(1). An order compelling arbitration is considered to be an appealable interlocutory order because it is injunctive. Robert A. Besner & Co. v. Lit America, Inc., 214 Ill.App.3d 619, 623, 158 Ill.Dec. 590, 574 N.E.2d 703 (1991). Consequently, an order denying a defendant's *943 motion to compel arbitration is an appealable order under Rule 307(a)(1). Notaro v. Nor-Evan Corp., 98 Ill.2d 268, 270, 74 Ill.Dec. 591, 456 N.E.2d 93 (1983); see also Sefren v. Board of Trustees of the Addison Fire Protection District No. 1, 60 Ill.App.3d 813, 816-17, 18 Ill.Dec. 188, 377 N.E.2d 341 (1978). A notice of interlocutory appeal must be filed within 30 days of such an order. 188 Ill.2d R. 307(a).
In this case, the defendant's notice of interlocutory appeal states that the defendant "seeks reversal of the August 27, 2004 order denying defendant's motion to compel arbitration." The August 27, 2004, order, however, did not deny the defendant's motion to compel arbitration but, rather, denied the defendant's motion for reconsideration of the denial of the motion to compel arbitration. Such an order does not fall within the ambit of Rule 307(a)(1).
Rule 307(a)(1) permits interlocutory appeals from four types of orders: (1) orders that deny (i.e., refuse) injunctions; (2) orders that create (i.e., grant) injunctions; (3) orders that change the effects of (i.e., modify or dissolve) existing injunctions; and (4) orders that perpetuate the effects of (i.e., refuse to modify or to dissolve) existing injunctions. 188 Ill.2d R. 307(a)(1). Whether an order from which an appeal is taken falls within the ambit of Rule 307(a)(1) is determined by the substance of the action and not the form of the order. People v. Collins, 249 Ill.App.3d 924, 926, 189 Ill.Dec. 170, 619 N.E.2d 871 (1993).
Under certain circumstances, denials of motions for reconsideration have been found to fall within the ambit of Rule 307(a)(1). For example, in two Fifth District cases, Clark v. Country Mutual Insurance Co., 131 Ill.App.3d 633, 636, 86 Ill.Dec. 828, 476 N.E.2d 4 (1985), and Property Management, Ltd. v. Howasa, Inc., 14 Ill.App.3d 536, 539, 302 N.E.2d 754 (1973), the subjects of the appeals were orders denying motions to reconsider orders compelling arbitration. The courts found those orders to be in effect injunctions and appealable under Rule 307(a)(1). In both cases, the orders had the effect of staying the proceedings before the circuit courts. In other words, the orders perpetuated the effects of the injunctions, thereby falling into category (4) of Rule 307(a)(1).
Unlike the orders in Clark and Property Management, Ltd., the order at issue in this case, an order denying a motion to reconsider a refusal to compel arbitration, necessarily is excluded from categories (3) and (4) because those categories require a preexisting injunction. The order also necessarily is excluded from category (2) because that category requires the creation of an injunction. The question, therefore, is whether an order denying a motion to reconsider a refusal to compel arbitration effectively denies an injunction and thus is an appealable interlocutory order under Rule 307(a)(1).
Apparently, no court expressly has considered the effects of such an order within the context of Rule 307(a)(1). There are, however, decisions within the Rule 307 context that guide a decision in this case. The general rule, espoused in Trophytime, Inc. v. Graham, 73 Ill.App.3d 335, 335, 29 Ill.Dec. 391, 391 N.E.2d 1074 (1979), is that a motion attacking an interlocutory order will not toll the running of the 30-day deadline for the filing of the notice of appeal. Those cases that have applied the general rule have found that an appeal is untimely when it is from both an initial interlocutory order and an order denying a motion attacking the initial interlocutory order, even though the notice of appeal is filed within 30 days of the *944 denial. For example, in Ben Kozloff, Inc. v. Leahy, 149 Ill.App.3d 504, 504-05, 103 Ill.Dec. 217, 501 N.E.2d 238 (1986), the appellant appealed from a circuit court order dissolving a temporary restraining order and from the subsequent denial of the appellant's motion to reconsider that order. The court found that neither order was a final order, and for that reason found a lack of jurisdiction over the denial of the motion to reconsider. Leahy, 149 Ill.App.3d at 507, 103 Ill.Dec. 217, 501 N.E.2d 238. Although the court considered the order dissolving the temporary restraining order to be an interlocutory order, the court found that the appeal was untimely filed under Rule 307(a)(1), despite the fact that the notice of appeal was filed within 30 days of the denial of the motion to reconsider. Leahy, 149 Ill.App.3d at 507-08, 103 Ill.Dec. 217, 501 N.E.2d 238.
Similarly, this court noted, in dicta, a lack of jurisdiction over certain interlocutory appeals in Baird & Warner, Inc. v. Gary-Wheaton Bank, 122 Ill.App.3d 136, 77 Ill.Dec. 536, 460 N.E.2d 840 (1984). In Baird & Warner, Inc., the appellant simultaneously appealed from one order declaring the mortgage lien of one party superior to the rights and interests of all the other parties, and from another order subsequently denying a petition for rehearing. Baird & Warner, Inc., 122 Ill.App.3d at 137-38, 77 Ill.Dec. 536, 460 N.E.2d 840. This court acknowledged that both orders were interlocutory, but found the appeals therefrom to be untimely under Rule 307(a)(4) (188 Ill.2d R. 307(a)(4)). Baird & Warner, Inc., 122 Ill.App.3d at 138, 77 Ill.Dec. 536, 460 N.E.2d 840. Despite the fact that the notices of interlocutory appeal had been filed within 30 days of the denial of the petition for rehearing, this court found the appeals to be untimely because "a motion to reconsider or for rehearing does not toll the 30-day deadline for filing notice of appeal following an appealable interlocutory order." Baird & Warner, Inc., 122 Ill.App.3d at 138, 77 Ill.Dec. 536, 460 N.E.2d 840.
Implicit in these decisions is an understanding that, although a denial of a motion to reconsider is an interlocutory order because it does not constitute a final resolution of the whole controversy, the denial is not an appealable interlocutory order. Therefore, in this case, as in Leahy, although the denial of the defendant's motion to reconsider is an interlocutory order, it is not an appealable interlocutory order, because it does not deny an injunction. This conclusion is supported by this court's finding of a lack of jurisdiction in Baird & Warner, Inc., 122 Ill.App.3d at 138, 77 Ill.Dec. 536, 460 N.E.2d 840. In that case, the initial order fell within the ambit of Rule 307(a)(4) because it placed a mortgagee in possession of mortgaged premises. Baird & Warner, Inc., 122 Ill.App.3d at 138, 77 Ill.Dec. 536, 460 N.E.2d 840. Conversely, the denial of the petition for rehearing did not fall within the ambit of Rule 307(a)(4), because it did not place the mortgagee in possession of the mortgaged premises  the initial order already had. Similarly, the denial of the motion for reconsideration in this case did not refuse an injunction  the initial denial of the motion to compel already had.
This result seemingly is inconsistent with the Fifth District cases, Clark and Property Management, Ltd., that permitted interlocutory appeals from denials of motions to reconsider. However, the former relies upon the reasoning of the latter, and neither applies the general rule from Trophytime, Inc., although it is unclear from the opinions whether the notices of appeal were filed more than 30 days after the entry of the initial orders. The failure to apply the general rule, however, is reconcilable *945 because the denials of the motions to reconsider were in effect injunctions and thus were appealable in and of themselves. See Collins, 249 Ill.App.3d at 926, 189 Ill.Dec. 170, 619 N.E.2d 871. In Leahy, and in this case, the denials were not in effect injunctions, because no injunctions existed or were created.
Furthermore, the denial of the motion to reconsider in this case cannot be deemed a denial of an injunction, because the circuit court summarily denied the defendant's motion to reconsider the order that refused the injunction. The circuit court found that the motion did not present "much new and particular" case law, and at the hearing, it refused to allow the defendant to make any arguments. In essence, the circuit court's order was more a refusal to reconsider its previous decision than it was a refusal of an injunction. Under the circumstances, especially where the motion to reconsider apparently bordered on being frivolous, this court would be hard-pressed to consider such a denial to be the equivalent of the refusal of an injunction for the purposes of Rule 307(a)(1), especially when doing so would permit the defendant to toll the 30-day rule.
Preventing a party from tolling the 30-day rule by filing a motion to reconsider, especially a frivolous one, is important. The purpose of Rule 307(a)(1) "is to provide prompt review of [an] injunction order so as not to prolong the harsh burdens of such an extraordinary remedy on those unjustly ordered to bear them." Landfill, Inc. v. Pollution Control Board, 52 Ill.App.3d 154, 158, 9 Ill.Dec. 913, 367 N.E.2d 347 (1977). Allowing the defendant in this case to appeal from the denial of its motion to reconsider the refusal to compel arbitration and to stay the proceedings does not serve this purpose. The defendant does not bear the harsh burdens of an injunction, so permitting it to toll the 30-day rule by filing a motion to reconsider permits it to have an unnecessary second chance to file a timely appeal. Additionally, this situation is unlike that of the appellants in Clark and Property Management, Ltd. because the alternative to finding jurisdiction in those cases was to thrust the parties into arbitration without the possibility of promptly reviewing the circuit court decisions. Although the parties in those cases could have appealed from the orders compelling arbitration and staying the proceedings, without first moving to reconsider, it is better to allow a party facing the imminent burdens of an injunction to pursue all possible relief in an attempt to avoid such an extraordinary remedy than it is to allow a party not facing the burdens of an injunction to delay the proceedings. Therefore, although some denials of motions for reconsideration are the type of interlocutory orders appealable under Rule 307(a)(1), the denial of the motion for reconsideration in this case is not.
Consequently, although defendant's notice of appeal, despite being filed 31 days after entry of the order being appealed, would have been timely filed had the order been an appealable interlocutory order (see Walikonis v. Halsor, 306 Ill.App.3d 811, 814, 239 Ill.Dec. 881, 715 N.E.2d 326 (1999) (filings on day 31 are timely when day 30 falls on a Sunday)), this court lacks jurisdiction to decide this case on the merits. Moreover, even if this court were to construe the notice of appeal liberally so as to encompass the denial of the motion to compel arbitration (Burtell v. First Charter Service Corp., 76 Ill.2d 427, 433-34, 31 Ill.Dec. 178, 394 N.E.2d 380 (1979)), this court lacks jurisdiction over the denial because *946 the notice of appeal was filed more than 30 days after the entry of that order (188 Ill.2d R. 307(a)) and the defendant's motion to reconsider does not toll the 30-day rule (Trophytime, Inc., 73 Ill.App.3d at 335, 29 Ill.Dec. 391, 391 N.E.2d 1074).
This court lacks jurisdiction over this appeal because the order from which the appeal is taken is not an appealable interlocutory order, pursuant to Rule 307(a)(1). Consequently, the appeal is dismissed.
Appeal dismissed.
McLAREN and GROMETER, JJ., concur.