(Nos. 66807, 66847 cons.—

VIRGINIA ZUBER, Adm'x, Appellee and Cross-Appellant, v. ILLINOIS POWER COMPANY (R. Dron Electrical Company, Inc., *et al.*, Appellants and Cross-Appellees).

*Opinion filed March 29, 1990.*

408

CALVO, J., took no part.

Thompson & Mitchell, of Belleville (Thomas W. Alvey, Jr., and Edward S. Bott, Jr., of counsel), for appellants

and cross-appellees.

Edward J. Kionka, of Murphysboro, for appellee and cross-appellant.

JUSTICE MILLER delivered the opinion of the court:

We consider here the computation and payment of the attorney fees and costs owed by a workers' compensation payor upon receiving reimbursement from the proceeds of a compensation recipient's separate action for damages against a third party. In the present case, the circuit court of St. Clair County assessed fees and costs against only the amount of the lien that the compensation payor could claim for its past compensation payments, and did not assess fees and costs on the amount of future compensation payments that the payor was relieved from making by virtue of the recipient's recovery. The appellate court held that the compensation payor owed fees and costs on both amounts. The appellate court directed the payor to remit its share of the future fees and costs on a weekly basis, and, in this case, ordered that the payments be made to the plaintiff herself rather than to her attorneys. (158 Ill. App. 3d 353.) We allowed both parties' petitions for leave to appeal (107 Ill. 2d R. 315(a)).

The plaintiff's decedent, Ralph Zuber, was seriously injured on November 15, 1977, while he was working at an Illinois Power Company substation near Lebanon, Illinois. Mr. Zuber died from those injuries the following day. At the time of the accident, the decedent was employed by R. Dron Electrical Company, Inc. The Industrial Commission awarded his surviving spouse, plaintiff Virginia Zuber, workers' compensation benefits in the amount of $224.41 per week for a period of 20 years. The couple did not have any children. The compensation award is not contained in the record on appeal, and we

shall assume that the award is subject to the statutory provision requiring its termination upon the death of the surviving spouse and requiring its commutation into an award equivalent to two years' compensation upon the survivor's remarriage. See Ill. Rev. Stat. 1987, ch. 48, par. 138.7(a); see also *Stewart v. Industrial Comm'n* (1987), 115 Ill. 2d 337.

The plaintiff brought the present action in the circuit court of St. Clair County against Illinois Power Company to recover damages for the death of her husband. An order was entered April 21, 1983, stating that the action had been settled. The settlement provided for a lump sum payment to the plaintiff of $302,466.54, and an annuity in the amount of $900 per month for the plaintiff's life; the cost of the annuity was $86,529. Once the plaintiff's action against Illinois Power was settled, Dron's workers' compensation insurance carrier, United States Fidelity & Guaranty Company (Dron and its insurance carrier will be referred to jointly as "employer"), ceased making weekly payments of workers' compensation benefits to the plaintiff. The plaintiff received workers' compensation payments through May 4, 1983. By that time the employer had paid the plaintiff a total of $73,128.63 in compensation, representing 285 weeks of benefits and, apparently, burial expenses and a lump sum award.

Prior to the filing of the wrongful death action against Illinois Power, the plaintiff had signed a contract for legal services that required her to pay her attorneys one-third of "whatever may be recovered from said claim whether by suit, settlement, or in any other manner." With the settlement of that action, plaintiff's attorneys retained as their fee one-third of the $302,466.54 lump sum payment; they did not claim a fee with respect to the annuity portion of the settlement.

Following the settlement of the plaintiff's action against Illinois Power, the plaintiff and the employer were unable to agree on the amount of attorney fees and costs to be paid by the employer pursuant to section 5(b) of the Workers' Compensation Act (Ill. Rev. Stat. 1987, ch. 48, par. 138.5(b)). Section 5(b) permits an employee or his representative to bring a separate action for damages against a third party; against any sum obtained as a consequence of the action, the employer may be reimbursed for the amount of workers' compensation benefits paid or to be paid by it. Such reimbursement may take the form of a lien, on past payments of compensation, or a credit, on future payments. (See *Freer v. Hysan Corp.* (1985), 108 Ill. 2d 421.) From the "reimbursement received by the employer pursuant to" the statute, the employer must pay his proportionate share of the costs and expenses of the third-party action. In addition, the employer must pay an attorney fee of 25% "of the gross amount of such reimbursement."

The circuit judge interpreted section 5(b) of the Act as allowing an assessment of fees and costs only on an employer's past payments of workers' compensation benefits. Accordingly, in calculating fees and costs in the present case, the judge based his computations on the $73,128.63 of benefits the employer had paid through the time of the plaintiff's settlement of her third-party action against Illinois Power. There was no dispute here that the 25% attorney fee recoverable on the amount of past benefits was $18,282.16. With respect to costs, the judge found that reasonable legal expenses incurred in connection with the plaintiff's third-party action totaled $24,829.21 and assessed $4,469.25 as the employer's *pro rata* share of those expenses. In calculating the employer's share, the judge sought to award a sum in the same proportion as the amount of the lien bore to the total of the lump sum payment and cost of the annuity recovered

in the third-party action. The plaintiff had placed $54,846.48 in escrow pending resolution of these questions; that sum represented the employer's lien on its past payments of workers' compensation benefits after the deduction of the undisputed attorney fee. The circuit judge subtracted the employer's share of the expenses from the amount in escrow and awarded the balance to the employer.

The plaintiff appealed from the circuit court's order apportioning fees and costs. The appellate court agreed with the plaintiff that fees and costs recoverable under section 5(b) of the Workers' Compensation Act must be assessed not only against the past compensation benefits already paid by the employer, and for which the employer may claim a lien, but also against the future compensation benefits that the employer is relieved from paying as a result of the third-party recovery. (158 Ill. App. 3d at 357-58.) The appellate court then computed the statutory fees and costs owed by the employer with respect to the future benefits it would no longer be required to pay. Basing its calculations on the weekly compensation award of $224.41, the appellate court determined that the attorney fee attributable to that amount was $56.10, computed at the statutory rate of 25%, and that the employer's *pro rata* share of the costs was $14.32; costs were computed in the same proportion as the weekly compensation payment bore to the total of the lump sum award and the cost of the annuity that were recovered in the third-party action ($224.41 ÷ $388,995.54 x $24,829.21). The court ordered the employer to make payments of those amounts to the plaintiff on a weekly basis. The appellate court explained that it ordered payment of the attorney fees to plaintiff rather than to her attorneys because "plaintiff's attorney at oral argument stated that the attorneys make no

claim to additional attorney fees" apart from the fees already received by them. 158 Ill. App. 3d at 360.

As we have indicated, there was no dispute concerning the amount of the 25% attorney fee recoverable on the compensation benefits previously paid by the employer. The appellate court corrected, however, the amount appearing in the circuit court order as the employer's *pro rata* share of the costs attributable to the benefits already received by the plaintiff. The appellate court determined that the employer's proportionate share of such costs was in fact $4,667.89 and correspondingly modified the amount to be returned to the employer in connection with its past payments of compensation benefits. 158 Ill. App. 3d at 360.

The plaintiff filed a petition for rehearing, challenging that portion of the appellate court's decision that directed that future payments of fees be made to the plaintiff herself. The appellate court granted rehearing and later issued a supplemental opinion. In its supplemental opinion, the court stated that plaintiff's attorneys had not in fact intended to relinquish any claim to additional fees, but the court adhered to its original conclusion that the weekly payments of attorney fees must be made to the plaintiff rather than to her attorneys. (158 Ill. App. 3d at 360a.) The appellate court explained that the attorneys could not claim any additional fee from the employer because the plaintiff had already paid counsel in full for the settlement of her action against Illinois Power Company. "To hold otherwise," the court stated, "would mean that plaintiff's attorneys would end up recovering fees twice for the same services, once from plaintiff and once from the employer." 158 Ill. App. 3d at 360b.

Consistent with our rules, the appellate court denied the plaintiff's subsequent motion for leave to file a petition for rehearing addressed solely to the supplemental opinion. (See 113 Ill. 2d R. 367(e) ("When the Appellate

Court has granted a petition for rehearing and entered judgment on rehearing no further petitions for rehearing shall be filed in that court").) We granted the employer's and the plaintiff's separate petitions for leave to appeal (107 Ill. 2d R. 315(a)) and consolidated the two causes for purposes of argument and disposition.

The employer argues that the appellate court erred in assessing fees and costs against the workers' compensation benefits that the employer is relieved from paying in the future by reason of the plaintiff's recovery in her third-party action. The employer contends that by statute such fees and costs may be assessed only against the amount of workers' compensation benefits already paid at the time of the third-party recovery, and for which the employer may claim a lien by reason of that recovery.

The controlling provision is section 5(b) of the Workers' Compensation Act (Ill. Rev. Stat. 1987, ch. 48, par. 138.5(b)). Section 5(b) provides in pertinent part:

"Where the injury or death for which compensation is payable under this Act was caused under circumstances creating a legal liability for damages on the part of some person other than his employer to pay damages, then legal proceedings may be taken against such other person to recover damages notwithstanding such employer's payment of or liability to pay compensation under this Act. In such case, however, if the action against such other person is brought by the injured employee or his personal representative and judgment is obtained and paid, or settlement is made with such other person, either with or without suit, then from the amount received by such employee or personal representative there shall be paid to the employer the amount of compensation paid or to be paid by him to such employee or personal representative ***.

Out of any reimbursement received by the employer pursuant to this Section, the employer shall pay his pro rata share of all costs and reasonably necessary expenses in connection with such third-party claim, action or suit

and where the services of an attorney at law of the employee or dependents have resulted in or substantially contributed to the procurement by suit, settlement or otherwise of the proceeds out of which the employer is reimbursed, then, in the absence of other agreement, the employer shall pay such attorney 25% of the gross amount of such reimbursement."

The employer contends that the phrase "reimbursement received," appearing in the second paragraph of section 5(b), refers to past rather than future events and therefore must pertain only to workers' compensation benefits already paid as of the date of the settlement or judgment of the third-party action. The employer further argues that if the legislature had intended to allow an assessment of fees and costs against credits for future compensation obligations, section 5(b) would have referred to "reimbursement received or to be received by the employer."

We do not agree with the employer's interpretation of section 5(b). The first paragraph of section 5(b) provides that a compensation beneficiary who succeeds in a related damages action against a third party must pay to the employer, from the proceeds of that recovery, "the amount of compensation paid or to be paid by" the employer to such beneficiary. The second paragraph of section 5(b) requires the employer to pay its proportionate share of costs and expenses from "any reimbursement received by the employer pursuant to this Section" and, further, to pay as an attorney fee "25% of the gross amount of such reimbursement." Clearly, the source of that reimbursement is found in the requirement of the first paragraph that from any third-party recovery the employee or his representative pay to the employer "the amount of compensation paid or to be paid by him." In our view, the references in section 5(b) to the employer's reimbursement and to the repayment to the employer of

"the amount of compensation paid or to be paid" denote one and the same thing. Accordingly, the reimbursement in the second paragraph of section 5(b) is not limited to amounts accrued by the time of judgment or settlement, but rather includes as well the future compensation payments the employer is relieved from making by reason of the third-party recovery. An employer benefits from the third-party recovery both when it is repaid workers' compensation benefits already paid to the plaintiff and when it is relieved of its obligation to make compensation payments in the future. It is appropriate to impose fees and costs in relation to both benefits, and clearly section 5(b) was intended to achieve that end.

"The cardinal rule of statutory construction, to which all other canons and rules are subordinate, is to ascertain and give effect to the legislature's intent." (*Stewart v. Industrial Comm'n* (1987), 115 Ill. 2d 337, 341.) In ascertaining legislative intent, "the court may properly consider not only the language used in a statute, but also the reason and necessity for the law, the evils sought to be remedied, and the purpose to be achieved. [Citations.] In construing a statute, the court must assume that the legislature did not intend an absurd result." *Stewart*, 115 Ill. 2d at 341.

The employer's construction of section 5(b) would frustrate the manifest legislative intent of that provision. Limiting the assessment of fees and costs to past compensation payments, as the employer would have it, would make those amounts depend on the fortuity of whether a compensation award was paid in a lump sum or was to be paid in periodic installments. Moreover, the amounts of fees and costs assessed pursuant to the employer's interpretation of the statute would be controlled by the length of time between the date of the compensation award and the date of the settlement or judgment in the beneficiary's separate action. Finally, the employer's concern that

it may be required to pay a fee for a future benefit it might never receive is unfounded. The appellate court ordered the employer to make payments of fees and costs in weekly installments, on the same schedule as the now-suspended workers' compensation benefits were to have been paid. As we discuss below, the payment plan adopted by the appellate court in the present case will allow any necessary adjustments to be made.

Other cases decided by our appellate court, though they have differed on formula details, have all envisioned payors' future payment obligations as supplying a basis for the calculation of fees and costs under the statute. (See *Lewis v. Riverside Hospital* (1983), 116 Ill. App. 3d 845; *Jones v. Melroe Division, Clark Equipment Co.* (1981), 102 Ill. App. 3d 1103; *Denius v. Robertson* (1981), 98 Ill. App. 3d 83; *Vandygriff v. Commonwealth Edison Co.* (1979), 68 Ill. App. 3d 396.) In *Vandygriff*, the court based the statutory fee on the amount of the settlement reached in the third-party action, even though the settlement far exceeded the amount of compensation already paid by the employer; the employer was to receive credits from the settlement amount against future compensation payments. *Denius* followed the *Vandygriff* formula. In *Jones*, the court calculated the statutory attorney fee on the basis of the employer's credits against future compensation payments. Finally, *Lewis* also calculated a 25% fee on the basis of the employer's future credits. The appellate court's treatment of this issue is consistent with the course followed by at least 15 other jurisdictions having statutes similar to ours (see 2A A. Larson, The Law of Workmen's Compensation §74.32(a)(4), at 14—521 n.18, 172 n.18 (1989 & Supp. 1989)); apparently the sole current exception is found in the Missouri cases cited by the employer (see *St. Louis Board of Education v. Shannon* (Mo. 1982), 640 S.W.2d 121 (*en banc*); *Ruediger v. Kallmeyer Brothers Service*

(Mo. 1973), 501 S.W.2d 56 (*en banc*)). The appellate court in the present case correctly ruled that the reimbursement upon which the statute allows the assessment of attorney fees and costs includes both workers' compensation benefits already paid by an employer and credits against the employer's future compensation obligations.

The employer also challenges the payment plan adopted by the appellate court in the present case. The employer argues that if it is to be held liable for fees and costs on the future compensation payments it is relieved from making as a result of the plaintiff's third-party recovery, then instead of being required to remit weekly payments of fees and costs, as the appellate court ordered, it should be allowed to deduct those sums from the amount of its credit. The effect of the employer's plan would be to shorten the period for which it would be entitled to claim a credit, and compensation payments would resume once the reduced credit was exhausted.

The appellate court adopted the approach taken by the United States Court of Appeals for the Seventh Circuit in *Williams, McCarthy, Kinley, Rudy & Picha v. Northwestern National Insurance Group* (7th Cir. 1984), 750 F.2d 619. Like the present case, *Williams*, a diversity action, involved the appropriate method of paying fees and costs imposed under section 5(b) of the Workers' Compensation Act against an employer's credit for future workers' compensation payments. The Federal district court in that case had directed the employer to make the required payments on a weekly basis. On appeal, the employer argued in favor of a payment plan under which its credit against future compensation payments would be reduced by the amount of the fees attributable to those payments.

The *Williams* court upheld the plan adopted by the district judge. The court of appeals demonstrated that use of the employer's proposal would result in the pay-

ment of substantially less in fees, and that the attorneys would end up shouldering the entire risk of an early termination of the compensation award. The court of appeals believed that the employer's proposal was "not logical," and, referring to section 5(b) of the Act, stated, "That cannot be what the statute contemplates." (750 F.2d at 623.) The court of appeals expressed its belief that the method selected in that case would be the one chosen by this court as well. (750 F.2d at 625.) For the reasons described above, we agree that under Illinois law the method is an appropriate one.

Under the approach adopted by the appellate court here, the duration of the employer's weekly payments of fees and costs will correspond to the period during which the plaintiff would have received compensation benefits but for the third-party recovery. In this way, then, the employer will pay for the benefit it receives from the third-party recovery as that benefit accrues. It is apparent that this approach eliminates the risk that the employer will be required to pay a fee on a benefit it never realizes, should the compensation award terminate early. The employer has offered no persuasive reason for adopting its proposed method rather than the payment plan used by the appellate court.

We note that the plaintiff refers in her brief to a third method of payment of future fees and costs. This method uses the present cash value of her future compensation payments as the basis for calculating an immediate lump sum award of fees. Although the present cash value method was the payment form apparently urged by the plaintiff in the circuit and appellate courts, the plaintiff does not now ask that the method be substituted for the one adopted by the appellate court. That is reason enough for us to decline to do so in the present case. The appellate court chose an appropriate method.

The final question raised in the present case is whether the appellate court erred in ordering the employer to pay to the plaintiff herself, rather than to her trial attorneys, the statutory attorney fees attributable to the credit against future compensation payments that the employer may now claim by virtue of the plaintiff's third-party recovery. Plaintiff's counsel contends that the appellate court should have ordered payment of the fees to the attorneys and that, contrary to the appellate court's view, no double recovery of fees would have resulted.

As a result of the plaintiff's settlement with Illinois Power, the employer was relieved of its obligation to continue making compensation payments of $224.41 a week to the plaintiff. As we have seen, the appellate court correctly held that this benefit to the employer constituted "reimbursement" within the meaning of section 5(b) of the Workers' Compensation Act and that the employer accordingly must pay an attorney fee on that amount, as well as a share of the costs associated with the third-party action. The appellate court ordered the employer to make weekly payments of fees and costs until the time when the original workers' compensation award would have expired and, further, directed that both payments be made to the plaintiff herself rather than to her attorneys. In its supplemental opinion on rehearing, the appellate court explained that the payments of attorney fees were to be made to the plaintiff so that counsel would not "recover[ ] fees twice for the same services, once from plaintiff and once from the employer." (158 Ill. App. 3d at 360b.) Plaintiff's appellate counsel acknowledges that the litigation costs incurred in connection with the third-party action against Illinois Power were paid by the plaintiff from the settlement proceeds, and her trial attorneys therefore do not challenge the appellate court's determi-

nation that the plaintiff is the proper recipient of the employer's future payments of costs.

We believe that, under the circumstances of this case, payment of the statutory attorney fees to counsel would not result in a double recovery of fees. Because the appellate court based its holding on the theory that a double recovery would occur otherwise, we conclude that the court erred in ordering the employer to make the payments of attorney fees to the plaintiff rather than to counsel.

In the present case, the plaintiff did not fully compensate her attorneys for the recovery obtained in connection with her suit against Illinois Power Company. The settlement reached in that action comprised two parts: a lump sum payment in the amount of $302,466.54, and an annuity paying $900 a month for life, which was obtained at a cost of $86,529. The plaintiff had contracted with her attorneys to pay as fees one-third of any recovery obtained in the suit. Counsel received a fee of that amount on the lump sum payment, but counsel did not claim a fee with respect to the annuity.

We note that the employer has already paid a statutory fee of $18,282.15, which was deducted from the amount the employer was repaid on its compensation lien in the wake of the plaintiff's settlement of her action against Illinois Power Company. In disbursing the proceeds of the lump sum portion of the settlement, plaintiff's counsel credited the fee to the plaintiff. We note also that counsel did not claim a fee with respect to the award of workers' compensation benefits by the Industrial Commission. The only question before us concerns the statutory requirement that the employer make future payments of fees.

Clearly, the $900 monthly annuity received as part of the settlement was designed to replace the workers' compensation payments of $224.41 a week being paid by

the employer. It appears that the annuity will coincide with or outlast the compensation obligation, unless the plaintiff dies less than two years after remarrying. (See Ill. Rev. Stat. 1987, ch. 48, par. 138.7(a) (upon remarriage of surviving spouse, benefits commuted into lump sum payment equivalent to two years' compensation).) The plaintiff has not yet paid counsel a fee with respect to the recovery of the annuity, and the attorneys will be compensated only once if the employer pays to them the statutory fees attributable to the future compensation benefits.

In its supplemental opinion on rehearing, the appellate court dismissed as "an accounting fiction" counsel's assertion that no fee had been taken on the annuity portion of the settlement. (158 Ill. App. 3d at 360b.) The court reasoned that the plaintiff's attorneys were free to reduce their fee if they chose to do so and that in this case the plaintiff ultimately was charged about 26% of the combined amount of the settlement.

We do not agree with the appellate court's analysis. For our purposes here, the fee contract entered into by the plaintiff and her attorneys controls the amount of compensation due counsel. According to the contract, the attorneys are entitled to one-third of all amounts recovered on the plaintiff's behalf. That her attorneys failed to take their contractual one-third of the annuity portion of the settlement does not mean that they were not otherwise entitled to a fee of that amount. Under the appellate court's approach, the plaintiff would receive from the employer payments representing attorney fees that she had not in fact incurred. Because the attorneys did not receive their contractual fee for recovery of the annuity, in this case there will be no double recovery of fees if they are the recipients of the statutorily required payments. We therefore conclude that the appellate court erred in ordering the employer to pay to the

plaintiff herself the statutory attorney fees attributable to the suspended workers' compensation payments. There is no danger in this case of a duplicate recovery of attorney fees, and the fees are properly payable to the plaintiff's attorneys.

For the reasons stated, the judgments of the appellate court and circuit court are affirmed in part and reversed in part, and the cause is remanded to the circuit court of St. Clair County for further proceedings not inconsistent with this opinion.

*Appellate court affirmed in part and reversed in part; circuit court affirmed in part and reversed in part; cause remanded.*

JUSTICE CALVO took no part in the consideration or decision of this case.