**Mark L. DIVINE, Appellant–Plaintiff,**

v.

**GALEN & LOWELL GRABER,
an Indiana Partnership,
Appellee–Defendant.**

No. 93A02–9204–EX–152.

Court of Appeals of Indiana,
First District.

Oct. 6, 1992.

Lynne D. Lidke, Gregory M. Feary, Scopelitis, Garvin, Light & Hanson, Indianapolis, for appellant-plaintiff.

Michael McCray, Brent Raibley, Statham, Johnson & McCray, Evansville, for appellee-defendant.

ROBERTSON, Judge.

Mark L. Divine appeals from an order of the Worker's Compensation Board which affirmed the denial of his application for payment of a share of attorney fees and of expenses, costs, and interest. On appeal, he states the issue as follows:

> Whether Divine's settlement of a third-party lawsuit, which released Appellee, Galen and Lowell Graber (the "Partnership"), from the obligation of paying over $18,000 in statutory worker's compensation benefits to its inured (sic) employee, also released the Partnership from its obligation to share in the expense of attorney fees and costs which were required to bring about settlement of the third-party lawsuit.

The evidence reveals that, on February 22, 1989, Divine filed a complaint with the Worker's Compensation Board and alleged he had sustained an accidental automobile injury which had arisen out of and in the course of his employment with the Partnership. On September 22, 1989, Divine and his wife filed a separate civil action against third party defendants in the collision. Meanwhile, the Board continued the application for worker's compensation. Unbeknownst to the Partnership at the time, on October 11, 1990, Divine and his wife executed a MUTUAL RELEASE OF ALL CLAIMS with the third party defendants for $148,305.77.

On October 16, 1990, the parties filed an Amended Joint Stipulation of Facts and Submission of Issues with the Worker's

Compensation Board member assigned to the matter. The Board Member issued an award in favor of Divine on November 9, 1990 as follows:

compensation benefits at the rate of $233.30 per week, from October 13, 1988 to August 31, 1989, a period of forty-five and six-sevenths (45–6/7) weeks for temporary total disability;

compensation benefits at the rate of $99.60 per week, beginning October 13, 1988, for a specific period of seventy-five (75) weeks for a fifteen per cent (15%) permanent partial impairment of the body as a whole;

statutory medical expenses;

attorney fees: minimum of $100.00, and upon the first $10,000.00 of the recovery, 20%; on the second $10,000.00 of recovery, 15%; and 10% upon all recovery in excess of $20,000.00.

The Partnership appealed the award to the full Board and informed the Board about the Divines' execution of the MUTUAL RELEASE OF ALL CLAIMS with the third party defendants. Divine filed a brief in support of his contention that, regardless of the effect the mutual release had upon compensation benefits, the Partnership was obligated to share in the expense of attorneys' fees, expenses, and costs which were required to bring about a settlement of the third party action. The Board remanded the issue to the single member for consideration. The member ordered that Divine "shall take nothing on the issues remanded for hearing to the Single Hearing Member by the Full Worker's Compensation Board of Indiana." On review, the Board affirmed this decision.

Divine's claim lives or dies in Ind.Code 22–3–2–13, found at Acts 1977, P.L. 260, Sec. 1, in pertinent part:

The employer or the employer's compensation insurance carrier shall pay its pro rata share of all costs and reasonably necessary expenses in connection with asserting the third party claim, action or suit, including but not limited to cost of depositions and witness fees, and to the attorney at law selected by the employee or his dependents, a fee of twenty five per cent (25%), if collected without suit, of the amount of benefits which benefits shall consist of the amount of reimbursements, after the expenses and costs in connection with the third party claim have been deducted therefrom, and the fee of thirty-three and one-third per cent (33⅓%), if collected with suit, of the amount of benefits after deduction of costs and reasonably necessary expenses in connection with the third party claim action or suit. The employer may, within ninety (90) days after receipt of notice of suit from the employee or his dependents, join in the action upon his motion so that all orders of court after hearing and judgment shall be made for his protection. An employer or his compensation insurance carrier may waive its right to reimbursement under this section and, as a result of the waiver, not have to pay the pro-rata share of costs and expenses.

The Board has essentially decided that, when Divine executed the MUTUAL RELEASE OF ALL CLAIMS with the third party defendants, the Partnership's obligation to pay compensation, to pay for services and supplies, to pay expenses, to pay attorney fees, and to pay costs also terminated. Divine claims the eighth paragraph of the statute obligates the Partnership to pay the attorney fees, expenses, and costs required to bring about the disposition of the third party lawsuit despite the MUTUAL RELEASE OF ALL CLAIMS. The Partnership contends this paragraph only subjects an employer to payment of fees and costs when it has actually paid worker's compensation benefits to an employee. Because the Partnership has not paid Divine any compensation benefits, the Partnership claims it is not subject to payment of attorney fees or such expenses or costs.

The eighth paragraph of the statute plainly states that the employer shall pay: first, its pro rata share of all costs and reasonably necessary expenses in connection with asserting the third party claim, action or suit, including but not limited to cost of depositions and witness fees; and second, to the attorney at law selected by

the employee or his dependents 1) a fee of twenty five per cent (25%), if collected without suit, of the amount of benefits which benefits shall consist of the amount of reimbursements, after the expenses and costs in connection with the third party claim have been deducted therefrom, and 2) a fee of thirty-three and one-third per cent (33⅓%), if collected with suit, of the amount of benefits after deduction of costs and reasonably necessary expenses in connection with the third party claim action or suit.

The Partnership does not contest the validity of the release or settlement. The statute does not provide that the employer shall pay attorney fees if the employer has begun to pay compensation but that the employer shall pay. Therefore, the Partnership shall pay such a fee. The Partnership does not claim it waived its right to reimbursement and therefore does not have to pay the pro-rata share of costs and expenses. The Partnership shall therefore also pay its pro rata share of all costs and reasonably necessary expenses in connection with asserting the third party claim, action or suit, including but not limited to cost of depositions and witness fees.

Where the statute addresses collection without suit, it states that the attorney fee is twenty-five per cent of the benefits, which "consist of the amount of reimbursements, after the expenses and costs in connection with the third party claim have been deducted therefrom." Where the statute addresses collection with suit, the situation here, it does not state that benefits include such "reimbursements." Our supreme court construed the use of the term "reimbursements" in this portion of the statute in *Indiana State Highway Commission v. White* (1973), 259 Ind. 690, 291 N.E.2d 550. The court also considered the entire section in its decision where it stated:

In addition, the Legislature obviously recognized that a judgment or settlement by an injured employee ... inures to the benefit of the employer or its compensation insurance carrier in every case ... to the full extent of the employer's obligation under the Act. It is therefore fair and equitable that the employer should pay counsel's fee for recovering that which inures to its benefit.

In construing this section, and the term "reimbursements" as used in it, we conclude that the attorney fee for which the employer or its compensation carrier is chargeable in a case such as this, is properly calculated as a percentage of the award, and not as a percentage of the sum actually paid out by the employer or carrier pursuant to the award ...

*Id.* at 696–697, 291 N.E.2d at 554 (citation omitted).

The attorney fees and the "costs and pro rata share of all costs and reasonably necessary expenses in connection with asserting the third party claim" are not compensation, are not medical, surgical, hospital, or nurses' services and supplies, and are not death benefits. The statement in the second paragraph of the statute, that the employer shall have no liability for the payment of compensation, of medical, surgical, hospital or nurses' services and supplies, or of death benefits where, as here, the employee has not received payments for such, remains intact. The first paragraph of the statute does not state that the employer's obligations of Divine's claimed fees, costs, and expenses are terminated as are these others.

With regard to the Partnership's assertion that it need not pay these fees, costs, and expenses because it has not paid compensation to Divine, the Partnership notes that the employer had begun to pay compensation in *White*. At the time, however, the statute provided that

[o]ut of any reimbursement received by the employer or such employer's compensation insurance carrier pursuant to this section, they shall pay ...

*Id.* at 694, 291 N.E.2d at 552–553 (italics removed). The present statute has no requirement that payment be made out of any reimbursement received by the employer. It simply states the employer or the employer's compensation insurance carrier shall pay. The statute does not require

that the employer have begun to compensate the employee.

The Partnership also claims that Divine's double recovery of attorney fees should be barred. However, the Partnership presumes that Divine was awarded attorney fees from the third party. Nothing in the record supports this position. The settlement was for the remedy of compensation, but Divine also owes fees to his attorney. Divine will not collect twice when the Partnership pays pursuant to the statute. Finally, Divine should address to the Board his pursuit of interest on the monies awarded.

Judgment reversed and case remanded to the Worker's Compensation Board of Indiana for proceedings consistent with this opinion.

RATLIFF and STATON, JJ., concur.