SPANGLER, JENNINGS
& DOUGHERTY, P.C.,
Appellant–Plaintiff,

v.

INDIANA INSURANCE COMPANY,
Appellee–Defendant.

No. 71A03–9603–CV–89.

Court of Appeals of Indiana.

July 28, 1997.

Robert D. Brown, Spangler, Jennings & Dougherty, P.C., Merrillville, for Appellant.

Philip E. Kalamaros, Edward N. Kalamaros & Associates, P.C., South Bend, for Appellee.

## OPINION

HOFFMAN, Judge.

Appellant-plaintiff Spangler, Jennings & Dougherty, P.C. (Spangler) appeals the entry of summary judgment in favor of appellee-defendant Indiana Insurance Company (IIC) on Spangler's claim for attorney's fees in a pro-rata amount of the saved future medical expenses which IIC was obligated to pay on a worker's compensation settlement. The facts relevant to review are recited below.

IIC is the worker's compensation insurance carrier for Korellis Roofing. In December 1988, a Korellis employee, Kirk Weidenaar, sustained catastrophic injuries during the course of his employment. Weidenaar and IIC entered into a stipulation awarding Weidenaar worker's compensation benefits for 500 weeks and noting that IIC would be responsible for medical expenses incurred pursuant to the Worker's Compensation Act.

The worker's compensation board approved the stipulation as part of its award dated July 6, 1992.

Spangler, acting on behalf of Weidenaar, filed suit against third parties Amoco Oil Company and Northern Indiana Public Service Company. In December 1992, after a trial by jury, a verdict was returned against both companies. Thereafter, IIC suspended its payments to Weidenaar.

On January 14, 1994, Spangler instituted the present proceedings to recover from IIC a pro-rata share of attorney's fees attributable to IIC's subrogation claim and for future benefits and medical costs for which IIC was obligated. Spangler's suit is based upon the statutory attorney's fees provision of the Worker's Compensation Act and upon *quantum meruit.*

IIC filed a motion requesting *inter alia* summary judgment. Spangler filed its motion in opposition together with its request for summary judgment on the issue of liability for the attorney's fees which would have left remaining only the issue of the amount owed. As noted above, the trial court granted IIC's motion for summary judgment. This appeal ensued.

When reviewing an entry of summary judgment, this Court uses the same standard used by the trial court. *Ramon v. Glenroy Const. Co., Inc.,* 609 N.E.2d 1123, 1127 (Ind. Ct.App.1993), *trans. den.* Summary judgment is appropriate only if the pleadings and evidence designated show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. *Computers Unlimited v. Midwest Data Systems,* 657 N.E.2d 165, 167 (Ind.Ct.App. 1995). The movant bears the burden to prove the non-existence of a genuine issue of material fact and may meet the burden with a demonstration that the undisputed material facts negate at least one element of the claim against it. *Id.* at 168. If the movant sustains the burden, then the opponent may not rest upon the pleadings but must set forth specific facts which show a genuine issue exists for trial. *Id.*

Summary judgment may be sustained upon any theory which is supported by the designated materials. Ind. Trial Rule 56(C); *Ind. Bd. of Public Welfare v. Tioga Pines,* 622 N.E.2d 935, 940 (Ind.1993), *cert. den.,* 510 U.S. 1195, 114 S.Ct. 1302, 127 L.Ed.2d 654 (1994). Where material facts are not in dispute, the issue is the application of the law to the facts. *Belford v. McHale Cook & Welch,* 648 N.E.2d 1241, 1244 (Ind.Ct.App.1995); *Fidelity Financial Services v. Sims,* 630 N.E.2d 572, 574 (Ind.Ct.App.1994).

Here, two dispositive questions arise: Whether the worker's compensation settlement required IIC to pay Weidenaar's future medical expenses and whether the statute requires IIC to contribute a pro-rata share of the attorney's fees for the amounts paid and subrogated and the future benefits including medical expenses saved by IIC due to the third-party recovery Weidenaar pursued through Spangler.

■ Whether the Worker's Compensation Act requires payment of attorney's fees on the pro-rata share of the saved expenses including future medical expenses for which IIC, as the worker's compensation insurance carrier, was obligated is purely a question of law. With regard to contribution by the insurance carrier to the attorney's fees necessary to recover from third parties, the statute is clear. In pertinent part, the applicable worker's compensation statute provides:

> The employer or the employer's compensation insurance carrier shall pay its pro rata share of all costs and reasonably necessary expenses in connection with asserting the third party claim, action or suit, including but not limited to costs of depositions and witness fees, and to the attorney at law selected by the employee or his dependents, a fee of twenty-five per cent (25%), if collected without suit, of the amount of benefits which benefits shall consist of the amount of reimbursements, after the expenses and costs in connection with the third party claim have been deducted therefrom, and a fee of thirty-three and one-third per cent (33⅓%), if collected with suit, of the amount of benefits after deduction of costs and reasonably necessary expenses in connection with the third party claim action or suit. The employer

may, within ninety (90) days after receipt of notice of suit from the employee or his dependents, join in the action upon his motion so that all orders of court after hearing and judgment shall be made for his protection. An employer or his compensation insurance carrier may waive its right to reimbursement under this section and, as a result of the waiver, not have to pay the pro-rata share of costs and expenses.

IND.CODE § 22–3–2–13 (1993 Ed.).

Indiana's seminal case regarding the carrier's obligation to share in attorney's fees once a recovery is made from a third party is *Ind. State Highway Comm. et al. v. White*, 259 Ind. 690, 291 N.E.2d 550, 554 (1973). In *White*, the court made clear that the carrier is obligated to pay its pro-rata share of the attorney's fees based upon a percentage of the entire compensation award, not just the amount actually paid at the time the recovery is made from the third party. It was determined that attorney's fees were due on the entire amount, including future expenses, because it represented a value to the employer or carrier when it is relieved of the duty to pay future installments of benefits.

In *Calvary Temple Church, Inc. v. Paino*, 555 N.E.2d 190, 194–195 (Ind.Ct.App.1990), this Court found that the compensation carrier was required to pay a one-third pro-rata share of the employee's attorney's fees computed on the total amount already paid by the carrier for medical and disability expenses and the amount the carrier was obligated to pay for future expenses. *Id.* This Court in *Divine v. Galen & Lowell Graber*, 600 N.E.2d 160, 162–163 (Ind.Ct.App.1992) held that the employer was required to pay attorney's fees for future medical expenses which it was obligated to pay but which were saved by the recovery from a third party. In *Divine*, the following excerpt from *White* reiterated the obligation:

'In addition, the Legislature obviously recognized that a judgment or settlement by an injured employee ... inures to the benefit of the employer or its compensation insurance carrier in every case ... to the full extent of the employer's obligation under the Act. It is therefore fair and equitable that the employer should pay counsel's fee for recovering that which inures to its benefit.

In construing this section, and the term "reimbursements" as used in it, we conclude that the attorney fee for which the employer or its compensation carrier is chargeable in a case such as this, is properly calculated as a percentage of the award, and not as a percentage of the sum actually paid out by the employer or carrier pursuant to the award....'

*Id.* at 162, *quoting White*, 259 Ind. at 696–697, 291 N.E.2d at 554.

To the extent that IIC argues that it is not required to pay a pro-rata share of attorney's fees for amounts for which it was obligated to pay, but had not yet paid, it is mistaken. The cases make clear that the carrier must pay its pro-rata share of attorney's fees on the entire amount of future benefits it would have paid if not for the third-party recovery. *Accord Brown v. Globe Union, Div. of Johnson Controls, Inc.*, 694 F.Supp. 795 (D.Colo. 1988); *Maryland Casualty Co. v. Tiffin*, 537 So.2d 469 (Ala.1988); *Lemery v. Buffalo Airways, Inc.*, 14 Kan.App.2d 301, 789 P.2d 1176 (1990); *Zuber v. Illinois Power Co.*, 135 Ill.2d 407, 142 Ill.Dec. 871, 553 N.E.2d 385 (1990); *Chaney v. National Steel Corp.*, 272 Ill.App.3d 850, 209 Ill.Dec. 553, 651 N.E.2d 731 (1995); *Wood v. Firestone Tire & Rubber Co.*, 123 Misc.2d 812, 475 N.Y.S.2d 735 (1984) (all finding that the employer's pro-rata share of attorney's fees would be based upon total benefit realized, not just amount actually paid at time of third-party recovery). Thus pursuant to statute, Indiana common law and the weight of authority, IIC's contention that it is not required to pay attorney's fees to attorneys it did not engage, its contention that the amount it saved was not truly a benefit to IIC, and its contentions attendant thereto are without merit.

The requirement that the employer or compensation carrier contribute a pro-rata share of attorney's fees has been applied even where the employer's attorney participated to some extent in the third-party claim by the injured worker. In *Hartwig v. Zacky Farms*, 2 Cal.App.4th 1550, 3 Cal.Rptr.2d 828, 832 (1992), the employer's attorney par-

ticipated in the third-party claim. The company which had been assigned the worker's compensation lien was required to pay a pro-rata share of attorney's fees incurred by the employee despite participation because the evidence did not support a finding that the employer's attorney actively participated in generation of the fund out of which fees and costs were sought. *Id.*

■ In the present case, IIC is required to pay a pro-rata share of attorney's fees for the amount subrogated as well as the future benefits for which IIC was obligated under the Worker's Compensation Act pursuant to the award. Such would include any future medical benefits for which IIC was obligated.

■ IIC argues that because future medical expenses for Weidenaar have not been reduced to a sum certain, it cannot be obligated to pay attorney's fees. Such is not the case. Spangler presented evidence regarding the amounts which IIC had been paying. Courts and juries regularly make calculations of this nature.

Turning to the question of the extent to which IIC was obligated for future medical expenses, the stipulated settlement between Weidenaar and IIC, which became the award of the worker's compensation board, provided in relevant part:

> 8. That pursuant to the Indiana Worker's Compensation Act, [IIC] has paid in excess of $700,000.00 to date in hospital and medical expenses attributable to this accidental injury and any other medical, pharmaceutical and/or hospital bills or statements to date, other than those heretofore paid by [IIC], are the expenses of the plaintiff and [IIC] is obligated only for the payment of any additional medical as pursuant to the provisions of the Worker's Compensation Act.
>
> \*　\*　\*　\*　\*　\*
>
> 12. That it is specifically agreed and understood between the parties that this

compromise agreement does in no way affect any third party litigation instituted by the parties and will in no way act as a release in discharge of such third party claim and that [IIC] shall still maintain all of its rights under the Indiana [Worker's] Compensation Act involving such third parties and its lien rights pertaining thereto.

The parties dispute the meaning of the last line of paragraph eight which states both that Weidenaar is responsible for his own medical expenses and that IIC remains obligated for those medical expenses payable under the act. The agreement leaves intact the rights and obligations of the parties regarding a third-party recovery. The act provides for the payment of medical expenses. *See* IND.CODE § 22–3–1–3(b)(2) (board authorized "to require medical service for injured employees").[1]

■ Whether IIC's obligation to pay future medical expenses was diminished by the settlement agreement adopted by the worker's compensation board is a material issue of fact which has not been addressed by the trial court. The partial summary judgment requested by Spangler should be granted. The cause must be remanded for a determination of the amount of the award.

The summary judgment is reversed and the cause is remanded for proceedings consistent with this decision.

Reversed and remanded.

STATON and CHEZEM, JJ., concur.

---

1. Because the cause was disposed of on summary judgment, some factors critical to resolution of the action have not been determined. However, IIC's contention that the agreement which formed the basis of the board's award does not provide for payment of "future" medical expenses, and its contention that its payment of medical expenses beyond the time of the award was not payment of "future" medical expenses, but was instead payment of "current" medical expenses, appears disingenuous.